MICHAEL J. HICKS
B-80852
BOX 3481
CORCORAN, CA 93212



FILED

JUN 3 0 2005

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
       DEPUTY CLERK

United States District Court
Eastern District Of California

MICHAEL J. HICKS
PLAINTIFF

vs.

MICHAEL W. BIEN, et al
THE LAW FIRM OF:
ROSEN, BIEN & ASARO, LLP
RESPONDANTS

CASE No. 2:05 CV 1320 LKK PAN

COMPLAINT UNDER THE CIVIL
RIGHTS ACT, 42 USC. §§1983.
DEMAND FOR JURY TRIAL.
MOTION FOR INJUNCTIVE RELIEF.

TO: THE HONORABLE JUDGES OF THE ABOVE-ENTITLED COURT.

## INTRODUCTION

IN THE MATTER OF COLEMAN V. WILSON,[1] A CLASS ACTION SUIT. THE COURT APPOINTED THE LAW FIRM OF ROSEN, BIEN & ASARO, AND CO-COUNSEL PRISON LAW OFFICE. PLAINTIFF REASONS THAT DUE TO THE COURT APPOINTMENT OF THESE ATTORNEYS, THEY THEREFORE ARE TYPE OF GOVERNMENT ENTITY BOUND BY THE AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARE THEREFORE LIABLE TO THEIR CLIENT'S TO PROTECT THEIR CIVIL RIGHTS UNDER 42 U.S.C. §§1983. THERE ALSO SHOULD BE IN PLACE A STANDARD MEANS TO RAISE A GRIEVANCE TO THE COURT WHEN IT IS CHARGED THAT CLIENT'S COUNSEL

1. CURRENTLY COLEMAN V. SCHWARZENEGGER

1.

THEIRSELVES HAVE VIOLATED THE CIVIL RIGHTS OF THEIR CLIENT. AS IS CHARGED IN THIS COMPLAINT. NAMELY THE VIOLATION PLAINTIFF'S RIGHTS UNDER THE SIXTH (6) AND EIGHT '8' AMENDMENT'S.

PARTIES:

PLAINTIFF IS A STATE PRISONER CURRENTLY INCARCERATED AT CORCORAN STATE PRISON.

DEFENDANT MICHAEL W. BIEN IS A PARTNER AT ROSEN, BIEN & ASARO LLP.
DEFENDANT THOMAS NOLAN IS A ATTORNEY EMPLOYED AT ROSEN, BIEN & ASARO LLP.
DEFENDANT JANE KAHN IS A ATTORNEY EMPLOYED AT ROSEN, BIEN & ASARO LLP.
DEFENDANT KEITH WATTLEY IS A ATTORNEY EMPLOYED AT PRISON LAW OFFICE.

STATEMENT OF CLAIM:

SEE ATTACHED AFFIDAVIT/DECLARATION.

RELIEF:

1. INJUNCTIVE RELIEF WITH APPOINTMENT OF "OUTSIDE" COUNSEL.
2. PUNITIVE DAMAGES IN THE AMOUNT OF $ 2,500,000.
3. ANY OTHER RELIEF THAT THE COURT FINDS PROPER AND JUST.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNED THIS 27 DAY OF June, 2005

*Michael J. Hicks*
MICHAEL J. HICKS

2.

MICHAEL J. HICKS  
B-80852  
BOX 3481  
CORCORAN, CA. 93212

SHORT TITLE: HICKS V. BIEN, et al

ATTACHMENT TO THE COMPLAINT

AFFIDAVITE —— DECLARATION  
OF MICHAEL J. HICKS

I, MICHAEL J. HICKS, DO HEREBY DECLARE BY THE BELOW AFFIDAVIT THE FOLLOWING:

IN EARLY 1998, PLAINTIFF COORESPONDED WITH KIMBER SIMPSON OF THE PRISON LAW OFFICE, SAN QUENTIN. AFTER A PERIOD OF TIME IN WHICH MS. SIMPSON ATTEMPTED TO ASSIST PLAINTIFF IN GAINING A TRANSFER TO ATASCADERO STATE HOSPITAL UNDER PENAL CODE SECTION § 2684; SHE INFORMED PLAINTIFF THAT SHE WAS LEAVING THE PRISON LAW OFFICE TO "START A FAMILY." SHE INFORMED PLAINTIFF THAT SHE WAS REFERING PLAINTIFF TO THOMAS NOLAN OF THE LAW FIRM OF, ROSEN, BIEN & ASARO LLP, SAN FRANCISCO, CO-COUNSEL TO THE PRISON LAW OFFICE IN THE MATTER OF COLEMAN V. WILSON.[1] MS. SIMPSON STATED THAT MR. NOLAN WAS WELL INFORMED IN REGARDS TO TRANSFERS OF PRISON INMATE'S TO ATASCADERO STATE HOSPITAL.

PLAINTIFF BEGAN A SERIES OF LETTER'S TO MR. NOLAN DESCRIBING HIS AXITS I DIAGNOSIS OF SCHIZO-AFFICTIVE, SEXUAL SADISM DISORDER, AND PLACMENT AT THE DEPARTMENT OF MENTAL HEALTH. HOWEVER, MR. NOLAN TOTALLY IGNORED PLAINTIFF'S PLEADS FOR INTERVENTION. PLAINTIFF DETERIORATED INTO HELPLESS, HOPLESSNESS, AND RELATED TO MR. NOLAN THAT HE WAS EXPERIENCING SUICIDIAL IDEATION. MR NOLAN INFORMED PRISON OFFICIAL'S OF THOSE IDEATION'S; BREACHING ATTORNEY/CLIENT PRIVLEGE AND AS A RESULT PLAINTIFF WAS REHOUSED INTO A UNIT KNOWN AS 'S-3'.

1. CURRENTLY COLEMAN V. SCHWARZENEGGER

1.

Inmates housed on S-3 are placed in a cell naked with no bedding at all. Plaintiff was forced to sit or sleep on a cement slab, bone chilling cold, for days on end. Plaintiff accused Mr. Nolan of breaching attorney/client privlege, who finally wrote plaintiff justificating his breach, refering to it as a legal and moral obligation to his profession as a attorney. Mr. Nolan cited a ABA model rules and case law. The letter was writen in June, 1998.

In July 1998, Plaintiff also sought and was granted permission from Rosen, Bien, & Asaro to send some legal documents for safe keeping. In 2004, plaintiff requested the return of those documents. A paralegal (Paloma Wu) responed stating that while permission had been granted to accept the documents, records showed that they had not been recieved. This oversight was corrected and Paloma Wu not only sent the documents, but plaintiff's correspondance file as well.

At the same time, plaintiff sent to Ms. Jane Kahn some medical records and a letter explaining that plaintiff's release date from the Security Houing Unit (SHU) was approuching and that there were mental health/custody issues at hand. It was requested that a collabrative phone call be made by Ms. Kahn, to the cheif psychologist, Dr. Perrien. Ms. Kahn in negligence sent all the record's to Dr. Perrien, including one of a kind documents. It was a negligent breach of attorney/client privlege. However, the matter became one of intentional inflection of emotional distress when Ms. Kahn refused to attempt to retrieve the document's and rather chose to ignore plaintiff's repeated request for the return of those documents.

Within plaintiffs corespondence file, a discovery of a inner-office memorandum, and draft letter from Mr. Nolan, to Mr. Bien was found. The matter of breaching attorney/client privilege was addressed and

BOTH ATTORNEY'S CONSPIERED TO LIE AND DECIEVE PLAINTIFF. IN THE MEMORANDUM MR. NOLAN STATED TO MR. BIEN. "THIS DOES NOT LOOK GOOD FOR US." "CALIFORNIA BUSINESS AND PROFESSION CODE § 6062(e) IS HARSH, WITH NO EXCEPTION'S. THE ABA MODLE RULES DOES HAVE A 'SAFE HARBOR' BUT CALIFORNIA HAS NOT ADOPTED THOSE RULES." (SEE EXHIBIT 'A')

THEREFORE, PLAINTIFF CAN NOT TRUST THE LAW FIRM OF ROSEN, BIEN & ASARO, NOR ITS CO-COUNSEL (PRISON LAW OFFICE). PLAINTIFF HAS REPEATEDLY WRITEN MR. KEITH WATTLEY,[1] WHO HAS IGNORED ALL ATTEMPTS TO CONTACT HIM. THEREFORE, PLAINTIFF SEEKS ADDITIONAL PUNITIVE AWARD, IN THE AMOUNT OF #2,500,000 (2.5 MILLON) FROM DEFENDANT'S.

I, MICHAEL J. HICKS, DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT EXCEPT FOR THOSE MATTER'S BASED UPON BELIEF. AND AS TO THOSE MATTER'S, I BELIEVE THEM TO BE TRUE.

DATED: June 27, 2005

_Michael J. Hicks_
MICHAEL J. HICKS

---

[1]. FOR THE PAST 3½ MONTHS.

3.